[64 C.2d 877; 50 Cal.Rptr. 903, 413 P.2d 847]

[L. A. No. 28422.   In Bank.   May 10, 1966.]

WILFRED J. PRENDERGAST et al., Plaintiffs, Cross-defendants and Respondents, v. CLARENCE SNYDER, Defendant, Cross-complainant and Appellant.

Gibson, Dunn & Crutcher, William French Smith, Samuel O. Pruitt, Jr., and Charles S. Battles, Jr., for Defendant, Cross-complainant and Appellant.

A. L. Wirin and Fred Okrand for Plaintiffs, Cross-defendants and Respondents.

John F. Duff, Richard G. Logan, Cyril A. Coyle, James S. DeMartini, Thomas Arata, William J. Bush, Peter J. Donnici, James T. McDonald, Richard B. Morris, Richard A. Bancroft, Jack Greenberg, Robert M. O'Neil, Joseph B. Robison, Sol Rabkin, Duane B. Beeson, Seymour Farber, Robert H. Laws, Jr., Howard Nemerovski, John G. Clancy and Ephraim Margolin as Amici Curiae on behalf of Plaintiffs, Cross-defendants and Respondents.

PEEK, J.—Defendant landlord appeals from a judgment for plaintiff tenants entered upon defendant's motion for summary judgment on his cross-complaint for declaratory relief.

Plaintiffs Prendergast are husband and wife, respectively a Negro and a Caucasian. Prior to their marriage Mrs. Prendergast rented from defendant an apartment in his seven-unit dwelling on an oral, month-to-month tenancy. Mr. Prendergast moved into the apartment with his wife following their marriage, and defendant thereupon purported to terminate plaintiffs' tenancy in the exercise of his claimed right ''(1) to select the persons with whom he would associate both in the

continuing relationship of landlord and tenant and in the relationship of neighbors under the same roof, and (2) to acquire, use, enjoy and dispose of his property in any manner he may choose which is not prohibited by statute, ordinance or other legislation.''

The instant action was commenced by plaintiffs to enjoin defendant from evicting them by reason of plaintiff husband's race. In his cross-complaint defendant sought a declaration that his termination of the tenancy was not invalid, that defendant is entitled to possession of the premises, that his refusal to rent to any particular person or persons or his termination of such rental would not be unlawful even if his unexpressed reason therefor was the race or religion of the person or persons involved, and that defendant has a right to have a court of law recognize and enforce the termination of plaintiff's tenancy. Defendant relies upon article I, section 26, of the Constitution, which provides in pertinent part: ''Neither the State nor any subdivision or agency thereof shall deny, limit or abridge, directly or indirectly, the right of any person, who is willing or desires to sell, lease or rent any part or all of his real property, to decline to sell, lease or rent such property to such person or persons as he, in his absolute discretion, chooses.''

The trial court, in a memorandum opinion, held that the Fourteenth Amendment, through the equal protection clause, proscribed discrimination based on race where directly practiced by a state and also if practiced by private persons where ''to some significant extent the State in any of its manifestations has been found to have become involved in it,'' citing *Burton* v. *Wilmington Parking Authority,* 365 U.S. 715 [81 S.Ct. 856, 6 L.Ed.2d 45], and *Shelley* v. *Kraemer,* 334 U.S. 1 [68 S.Ct. 836, 92 L.Ed. 1161, 3 A.L.R.2d 441]. The court then noted that ''the prohibited involvement occurs when a state court enforces the racial discriminatory act of a private individual relating to occupancy of residential real property in cases where affirmative relief is sought in aid or furtherance of the discrimination. (*Shelley* v. *Kraemer, supra; Barrows* v. *Jackson,* 346 U.S. 249 [73 S.Ct. 1031, 97 L.Ed. 1586]; *Abstract Investment Co.* v. *Hutchinson,* 204 Cal.App.2d 242 [22 Cal. Rptr. 309].)''

In the *Abstract Investment Co.* case a landlord commenced an unlawful detainer action to recover possession of premises leased to and occupied by a Negro under a month-to-month tenancy. A judgment for plaintiff was reversed on the ground

that it was prejudicial error to deny defendant an opportunity to show that he was being evicted solely because of his race. The court held in that case that if defendant could have proved racial discrimination it "would bar the court from ordering his eviction because such 'state action' would be violative of" the federal Constitution. (*Abstract Investment Co.* v. *Hutchinson, supra,* 204 Cal.App.2d 242, 255.)

The trial court in the present case concluded that it was bound by the *Abstract Investment Co.* case and, further, that if article I, section 26, which was adopted following the decision in that case, could be construed as requiring a court to enforce a landlord's decision to evict a tenant because of race, it could not be given that effect for federal constitutional reasons.

Although it appears that the instant case is factually indistinguishable from the *Abstract Investment Co.* case, we are not required to rely upon that case in affirming the judgment herein. We have held today that article I, section 26, upon which defendant relies for the declaration of his rights, is, in its entirety, an unconstitutional infringement of the Fourteenth Amendment. (*Mulkey* v. *Reitman, ante,* p. 529 [50 Cal.Rptr. 881, 413 P.2d 825].) For that reason, as well as those relied upon by the trial court, defendant's cross-complaint is not meritorious, and judgment for plaintiffs is affirmed.

Traynor, C. J., Peters, J., Tobriner, J., and Burke, J., concurred.

WHITE, J.*—I dissent.

For the reasons stated in my dissent in *Mulkey* v. *Reitman, ante,* p. 545 [50 Cal.Rptr. 892, 413 P.2d 836], I would reverse the judgment.

McComb, J., concurred.

Respondents' petition for a rehearing was denied June 8, 1966. White, J.,* sat in place of Mosk, J. McComb, J., and White, J.,* were of the opinion that the petition should be granted.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.